**SIGNED THIS: December 17, 2018**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 17-90542 |
| DAVID E. HAAG and ) | |
| MARSHA K. HAAG, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ) | |
| KRISTIN L. WILSON, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 18-09012 |
| ) | |
| HENRICHS INSURANCE ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

# O P I N I O N

Before the Court is the motion of Henrichs Insurance Services, Inc., to dismiss the First Amended Adversary Complaint filed herein against it for failure to state a claim upon which relief can be granted. Because the First Amended Adversary Complaint fails to state a plausible claim upon which relief can be granted and because the Plaintiff Trustee was previously given leave to correct the defects in her pleading but failed to do so, the First Amended Adversary Complaint and this adversary proceeding will be dismissed with prejudice.

## I. Factual and Procedural Background

David E. Haag and Marsha K. Haag ("Debtors") filed their voluntary petition under Chapter 7 on May 10, 2017. Kristin L. Wilson serves as the Chapter 7 Trustee ("Trustee") in the case.

The Trustee commenced this adversary proceeding by filing a one-count complaint against Henrichs Insurance Services, Inc. ("Henrichs Insurance"), seeking to recover an alleged preferential transfer of $16,712.34. In her complaint, the Trustee alleged that the Debtors owned farmland that they rented to an entity known as Henrichs Farms for the 2016 crop year for $35,520. She further alleged that, when the second installment of the 2016 rent was due on November 1, 2016, in the amount of $17,760, Henrichs Farms paid $16,712.34 of that amount to Henrichs Insurance to pay the Debtors' outstanding obligation for insurance premiums. Only the difference of $1047.66 was remitted by Henrichs Farms to the Debtors for the balance due on the rent. The Trustee also alleged that the "Debtors are family members of the owners of Henrichs Farms and Defendant, Henrichs Insurance Services."

Henrichs Insurance responded to the Trustee's complaint by filing a motion to dismiss asserting that, because the alleged transfer occurred more than 90 days before the Debtors filed bankruptcy, it could only be recovered as preferential if Henrichs Insurance were an insider to the Debtors. Arguing that the allegations of the complaint stated no plausible claim that Henrichs Insurance was an insider, it asked that the complaint be dismissed. In response, the Trustee conceded that she might not have stated a plausible claim that Henrichs Insurance was a statutory insider to the Debtors, but she asserted that her allegations stated a claim that Henrichs Insurance was a non-statutory insider to the Debtors. After considering the arguments of both parties, this Court entered an order dismissing the Trustee's complaint, finding that the allegations of her complaint fell well short of stating a claim that Henrichs Insurance was an insider. The Trustee was, however, given leave to file an amended complaint.

The Trustee filed a First Amended Adversary Complaint ("Amended Complaint"), which contained many of the same allegations as her original complaint. The Trustee added to her Amended Complaint an allegation that Mark Henrichs is the owner of Henrichs Insurance and also farms with his sons, Luke and Benjamin Henrichs, as Henrichs Farms. She also alleged that Mark Henrichs is a first cousin of Sue Henrichs, the ex-wife of the Debtor, David Haag. She alleged that Henrichs Insurance, through Mark Henrichs, had control over the Debtors by being able to provide or cancel their insurance. Similarly, she alleged that Henrichs Farms, through Mark Henrichs, had control over the Debtors by being able to terminate its lease of the Debtors' farmland. The Trustee also asserted that Mark Henrichs and his sons operate Henrichs Grain, Inc., and

through that company or Henrichs Farms employed the Debtor, David Haag. Finally, she clarified that, of the $16,712.34 paid to Henrichs Insurance on November 1, 2016, only $8356.17 was paid by Henrichs Farms. Benjamin Henrichs, individually, also paid Henrichs Insurance $8356.17 on November 1, 2016.

Henrichs Insurance responded to the Amended Complaint by again filing a motion to dismiss asserting that the Amended Complaint failed to state a claim upon which relief could be granted because it stated no plausible claim that Henrichs Insurance was an insider to the Debtors. The Trustee filed a brief in response to the motion to dismiss. The matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Proceedings to determine, avoid, or recover preferences are core proceedings. 28 U.S.C. §157(b)(2)(F). This matter arises from the Debtors' bankruptcy itself and from the provisions of the Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

## III. Legal Analysis

A complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2); Fed R.

Bankr. P. 7008. A complaint may be dismissed if it fails to "state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); Fed R. Bankr. P. 7012. Although a complaint need not contain detailed factual allegations in order to survive a motion to dismiss, more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" is required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The required pleading standard is that the stated claim must include enough facts to make it "plausible on its face." *Id.* at 570. Pleading only enough to make recovery a mere possibility is not enough. *Id.* at 556-57. In deciding whether a complaint states a plausible cause of action, a court must make a "context-specific" analysis and may draw on "its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citation omitted).

The cause of action that the Trustee is attempting to plead here is for the avoidance and recovery of an alleged preferential transfer. 11 U.S.C. §§547, 550. Generally, pre-petition transfers of a debtor's property may be avoided if the transfer was made for the benefit of a creditor, on account of an antecedent debt, while the debtor was insolvent, and that allowed the creditor to receive more than the creditor would have otherwise received in a Chapter 7 liquidation. 11 U.S.C. §547(b). A trustee's ability to avoid such transfers is generally limited to transfers made within 90 days of the case filing but also extends to transfers made within one year of the filing if the creditor receiving the transfer was an insider. 11 U.S.C. §547(b)(4). In order to avoid dismissal, the Trustee must plead enough facts to establish the plausibility of her claim as to each required element of the cause of action.

Henrichs Insurance's motion to dismiss focuses on the issue of whether the Trustee set forth sufficient facts to state a plausible claim that Henrichs Insurance was an insider when the transfer at issue was made. The transfer was alleged to have been made on November 1, 2016, and the Debtors filed their bankruptcy on May 10, 2017. Because the transfer was made more than 90 days before the filing, it is avoidable only if it was made to an insider. Accordingly, to avoid dismissal, the Trustee was required to plead a plausible claim that Henrichs Insurance was an insider to the Debtors on November 1, 2016. *See Prunty v. Terry (In re Paschall)*, 408 B.R. 79, 86 (E.D. Va. 2009) (whether an individual is an insider is determined by the relationship at the time of the transfer). Unfortunately for the Trustee, her Amended Complaint falls woefully short of stating a plausible claim that Henrichs Insurance was an insider to the Debtors on November 1, 2016.

*A. The Amended Complaint Fails to State a Plausible Claim that Henrichs Insurance was a Statutory Insider to the Debtors.*

The term "insider" is defined in the Code. 11 U.S.C. §101(31). In a case where a debtor is an individual, a corporation is an insider to the debtor if the debtor "is a director, officer, or person in control" of the corporation. 11 U.S.C. §101(31)(A)(iv). The Trustee makes no assertion that the Debtors here have any such relationship to Henrichs Insurance. Thus, she clearly failed to state a claim that Henrichs Insurance was an insider to the Debtors as that term is defined by statute.

Because the Trustee relies heavily in her Amended Complaint on Mark Henrichs' ownership of Henrichs Insurance and Henrichs Farms, it is important

to note that she also failed to plead a plausible claim that Mark Henrichs is an insider to the Debtors as the term is defined by statute. When a debtor is an individual, relatives of the debtor are insiders. 11 U.S.C. §101(31(A)(i). But "relative" is also a defined term and means an "individual related by affinity or consanguinity within the third degree as determined by the common law, or [an] individual in a step or adoptive relationship within such third degree." 11 U.S.C. §101(45). In the Amended Complaint, Mark Henrichs is not alleged to have any direct relationship to the Debtors. Rather, the Trustee alleged only that Mark Henrichs is a first cousin to Sue Henrichs, David Haag's ex-wife. If Sue Henrichs were a debtor here, Mark Henrichs would be an insider to her. But she is not the debtor. And because she is divorced from David Haag, she is no longer related to David Haag and has no statutory insider relationship to him. *Miller v. Schuman (In re Schuman)*, 81 B.R. 583, 585 (B.A.P. 9th Cir. 1987); *Paschall*, 408 B.R. at 86; *Rush v. Riddle (In re Standard Stores, Inc.*), 124 B.R. 318, 322-23 (Bankr. C.D. Cal. 1991). Further, the Trustee overlooks the fact that an insider to an insider of a debtor is not automatically an insider to the debtor. *See Miller Ave. Prof'l and Promotional Services, Inc. v. Brady (In re Enterprise Acquisition Partners, Inc.)*, 319 B.R. 626, 632 (B.A.P. 9th Cir. 2004); *Spradlin v. Monday Coal, LLC (In re Licking River Mining, LLC)*, 571 B.R. 241, 251 (Bankr. E.D. Ky. 2017); *Glassman v. Heimbach, Spitko & Heckman (In re Spitko)*, 2007 WL 1720242, at *8 (Bankr. E.D. Pa. June 11, 2007). The Trustee's allegations regarding Sue Henrichs' relationship to Mark Henrichs are irrelevant distractions; the allegations add nothing to support a plausible claim that Henrichs Insurance is an insider to the Debtors.

*B. The Amended Complaint Fails to State a Plausible Claim that Henrichs Insurance was a Non-Statutory Insider to the Debtors.*

The statutory definition of "insider" is illustrative but not exhaustive, and a court may find that a person or entity not meeting the statutory definition is, nevertheless, an insider. *In re Krehl*, 86 F.3d 737, 741-42 (7th Cir. 1996). A non-statutory insider is a person or entity with "a sufficiently close relationship with the debtor" that conduct and transactions with the debtor are "subject to closer scrutiny." *Id.* at 741. The closeness of the parties must be enough "to gain an advantage attributable simply to affinity rather than to the course of dealings between the parties." *Anstine v. Carl Zeiss Meditec AG (In re U.S. Medical, Inc.)*, 531 F.3d 1272, 1280 (10th Cir. 2008) (citing *Rupp v. United Security Bank (In re Kunz)*, 489 F.3d 1072, 1079 (10th Cir. 2007)). A person or entity who holds a position or relationship with a debtor that is substantially similar to the position of a statutory insider, will often be found to be a non-statutory insider. *In re Longview Aluminum, L.C.C.*, 657 F.3d 507, 509 (7th Cir. 2011). The extent of control the alleged insider has over a debtor is relevant but, on its own, is not determinative of insider status. *In re South Beach Securities, Inc.*, 376 B.R. 881, 891 (Bankr. N.D. Ill. 2007) (citation omitted). And, again, it is important to note that establishing that a person or entity is an insider to an insider of a debtor does not automatically create direct insider status with that debtor. *See Enterprise Acquisition Partners*, 319 B.R. at 632; *Licking River Mining*, 571 B.R. at 251; *Spitko*, 2007 WL 1720242, at *8.

In her Amended Complaint, the Trustee alleged few facts regarding any direct relationship between the Debtors and Henrichs Insurance. She says that

the Debtors were customers of Henrichs Insurance and that the payment by Henrichs Farms was used to satisfy the Debtors' past-due insurance bill. She also says that Henrichs Insurance had the ability to exercise control over the Debtors because it could provide or cancel the Debtors' insurance coverage. But the allegations state no more than a standard business relationship between an insurance agent and a customer; if a customer does not pay for or otherwise comply with the terms of an insurance policy, coverage may be canceled. The Trustee did not plead one word regarding any affinity or special circumstance that existed between the Debtors and Henrichs Insurance. And her Amended Complaint is wholly devoid of allegations regarding the relationship that would subject the parties' transactions to close scrutiny. The Amended Complaint alleged no more than an ordinary business relationship. The limited direct allegations in the Trustee's Amended Complaint against Henrichs Insurance are insufficient to state a plausible claim that Henrichs Insurance was a non-statutory insider to the Debtors.

The finding that the Trustee failed to directly state a plausible claim that Henrichs Insurance was an insider to the Debtors is enough to support granting the motion to dismiss. In her Amended Complaint, however, the Trustee alleged connections between the Debtors and Mark Henrichs and Henrichs Farms that she claims are relevant to the analysis. In her response to the motion to dismiss, the Trustee cited no authority for her apparent proposition that, if she were able to establish a plausible claim of an insider relationship with a person or entity related to Henrichs Insurance, she will have stated a plausible claim against Henrichs Insurance. As set forth above, case law says that an insider to an insider

to a debtor is not necessarily an insider to the debtor. Although the allegations regarding Mark Henrichs and Henrichs Farms will be briefly addressed, the allegations do not state a plausible claim that either Mark Henrichs or Henrichs Farms is a non-statutory insider, and the allegations therefore do not help the Trustee in overcoming her lack of well-pleaded facts relating directly to the insider status of Henrichs Insurance.

With respect to Henrichs Farms, the Trustee alleged that Henrichs Farms rented farmland from the Debtors. No special relationship was alleged; no assertions were made that the terms of the rental were above or below market rates or anything other than commercially reasonable. The Trustee also alleged that Henrichs Farms, or perhaps Henrichs Grain, Inc., employed David Haag. But again, only the employment relationship is alleged; no assertions were made that the terms of the employment were out of the ordinary or based on an arrangement that should subject the parties to close scrutiny. The Trustee alleged that Henrichs Farms had control over the Debtors because it could have terminated the lease or David Haag's employment. But the parties' rights to terminate their relationships, as alleged, appear to be customary and would not take those relationships out of the realm of straightforward and ordinary business dealings. In the absence of any factual allegation suggesting an affinity or special circumstance, the Trustee has not stated a plausible claim that Henrichs Farms was a non-statutory insider to the Debtors.

With respect to Mark Henrichs, he is alleged to have a controlling interest in both Henrichs Insurance and Henrichs Farms. But as well-pleaded as those facts may be, they add nothing to support a claim that Henrichs Insurance was

an insider to the Debtors. Mark Henrichs is also alleged to be the first cousin of Sue Henrichs, David Haag's ex-wife. But just as the Amended Complaint did not state a plausible claim that Sue Henrichs was a statutory insider, it also failed to state a plausible claim that she was a non-statutory insider. Ex-spouses may, of course, be found to be non-statutory insiders, but that determination must be made based on the specific facts of the transaction at issue and the ex-spouse's involvement in that transaction. *Schuman*, 81 B.R. at 587. And the analysis is made as of the time of the transfer or transaction at issue. *Paschall*, 408 B.R. at 86. Here, the Amended Complaint is devoid of any allegation that Sue Henrichs has any current interest in the Debtors' business or financial matters and, most importantly, is devoid of any allegation that Sue Henrichs had any involvement in the transaction claimed to be preferential. Again, the allegations regarding Sue Henrichs are irrelevant distractions and add nothing to support the Trustee's claim that Mark Henrichs and Henrichs Insurance were insiders to the Debtors.

In her response to the motion to dismiss, the Trustee relies on *Grochocinski v. Schlossberg (In re Eckert)*, 388 B.R. 813 (Bankr. N.D. Ill. 2008), and argues that a business associate and close friend may be found to be an insider to a debtor. That is, of course, true. And, as the Trustee points out, the individual found to be an insider in *Eckert* had several business relationships with the debtor there, including serving as his insurance agent. *Id.* at 832. But *Eckert* does not stand for the proposition that a business relationship with a debtor, in and of itself, creates insider status. To the contrary, in considering insider status, the *Eckert* court specifically held that it needed to examine the closeness of the parties' relationship and whether the transaction involved was arm's length. *Id.* at 835. Insider status

in *Eckert* was established because the court found that the parties were friends and had a close relationship and that the insider willingly and actively participated in the debtor's scheme to shield assets from his creditors through a fraudulent conveyance. *Id.*

*Eckert* is clearly distinguishable from the matter here. The Amended Complaint contains no allegations of a friendship or close relationship between Mark Henrichs and the Debtors. And the transaction here was the payment of a legitimate, antecedent debt not a fraudulent conveyance. None of the type of facts relied on in *Eckert* to find insider status were alleged by the Trustee in her Amended Complaint. *Eckert* does not support the Trustee's assertions that she has stated a plausible claim that Henrichs Insurance was an insider to the Debtors.

*C. The Amended Complaint Should be Dismissed with Prejudice.*

The Trustee's original complaint fell woefully short of stating a plausible claim that Henrichs Insurance was an insider to the Debtors. It contained allegations regarding the alleged preferential transfer, but the allegations regarding insider status were limited to the assertion that owners of Henrichs Farms and Henrichs Insurance were family members of the Debtors. In dismissing the complaint, this Court specifically found that, because the complaint contained no facts about who the individuals were and what their specific relationships to each other were, a plausible claim had not been stated. Further, the Court pointed out that it appeared that the Trustee was making the claim that an insider to an insider would be an insider to the Debtors. Although the Court stated that it did

not reach the legal issues raised by such a claim, the Trustee was placed on notice that she needed to plead facts to support such a claim and be prepared to cite authority to defend the claim if she chose to amend her original complaint.

The Amended Complaint added allegations regarding Mark Henrichs and his relationship to Henrichs Insurance and Henrichs Farms. It also included allegations regarding Sue Henrichs and her relationship to Mark Henrichs and David Haag. But, as explained above, the allegations fall short of stating a plausible claim that Henrichs Insurance was an insider to the Debtors.

In her response to the motion to dismiss, the Trustee did not even mention Sue Henrichs or claim that there was any relevance to her inclusion in the pleadings. The Trustee also referred to Mark Henrichs as a "former relation" to the Debtors—apparently conceding that they are not "relatives" as defined by the Code. The Trustee neither made a legal argument nor cited authority regarding her position that an insider to an insider is an insider to the debtor. In her response, she confused Mark Henrichs and Henrichs Insurance by repeatedly referring to the Defendant—Henrichs Insurance—as "he." She relied heavily on *Eckert* but admitted that the *Eckert* analysis requires an assertion of friendship and special circumstances and then failed to explain why her pleadings, which contained no such allegations, would support an insider finding under the *Eckert* analysis. The Amended Complaint simply did not state a plausible claim that Henrichs Insurance was an insider to the Debtors.

When the scheduling order was entered on the motion to dismiss the Amended Complaint, this Court notified the Trustee that she needed to make her case that she had stated a plausible claim that Henrichs Insurance was an insider

to the Debtors, reminding her that the issue had been clearly identified in the order dismissing the original complaint and that further opportunity to amend might not be allowed. The call is not close—the Trustee has not stated a plausible claim. And, in her response, she offered no suggestion that, if given another chance, she could meet the requirements of pleading the claim she seeks to make.

This Court is not required to grant further leave to the Trustee to amend her complaint. *See Oakland Ridge Homeowners Ass'n v. Braverman (In re Braverman)*, 463 B.R. 115, 121 (Bankr. N.D. Ill. 2011). The issue that the Trustee needed to plead with more factual detail was clearly identified when the original complaint was dismissed, but the Trustee has not satisfied the basic requirements of pleading a plausible claim in her Amended Complaint. She has not asked for leave to replead, and, accordingly, no such leave will be granted. The Amended Complaint and the adversary proceeding will be dismissed with prejudice.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###